# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | RECEIVED<br>USMS-PRIS OPS<br>BALTIMORE, MD |
| vs. | Case No. WDQ-14-0310<br>2014 AUG -6  P 4: 25 |
| JEFFREY COHEN | |

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the government may properly seek detention.

☒ (2) The defendant is charged under: 18 U.S.C. § 1033

☒ (3) The maximum term of imprisonment, if convicted, is: 15 years BOP.

☒ (4) Based on the government's proffer there is probable cause to believe that the defendant committed the offense(s) charged.

  ☐ The government is entitled to a presumption under § 3142 (e) [describe in Part II].

  ☐ The defendant has failed to rebut this presumption [as to flight risk] and [as to danger].

☒ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the defendant's presence at trial or as otherwise required and community safety.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

The government moves for detention under 18 U.S.C. § 3142(f)(2) arguing that the defendant poses a serious risk of flight and that there is a serious risk the defendant will obstruct justice. The defendant contends that conditions of release are appropriate. The nature of the charged offense involves fraud. The government has proffered sufficient evidence for the Court to conclude that the defendant, by a preponderance of the evidence, is a serious flight risk. The government has not convinced the Court that the defendant is a serious risk of obstructing justice as to any prospective witnesses or jurors. The government has proffered sufficient evidence for the Court to conclude that the defendant, by clear and convincing evidence, would be a danger to others and the community if released. I reach this conclusion by weighing all of the factors set forth in 18 U.S.C. § 3142(g). There are presently no conditions and/or combination of conditions that can be established to reasonably assure that the defendant will not flee/to mitigate the risk of non-appearance and the safety of any person and the community.

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| August 6, 2014 | _/s/ Timothy J. Sullivan_ |
| Date | Timothy J. Sullivan<br>United States Magistrate Judge |