IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,
      Plaintiff,

      v.

                           CRIMINAL NO.:   WDQ-14-0310

JEFFREY BRIAN COHEN,
      Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM

On June 1, 2015, Jeffrey Brian Cohen orally renewed his motion for a jury determination on forfeiture under Fed. R. Crim. P. 32.2.  This Court previously denied Cohen's motion, ECF No. 325, and did so again.

Under Rule 32.2(b)(4), "[i]n any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of *specific property* if it returns a guilty verdict." (emphasis added).  However, when the government seeks a personal money judgment and not property, the Court determines the amount of money the defendant must pay.  *See United States v. Perkins*, 994 F. Supp. 2d 272, 275 (E.D.N.Y. 2014).

Here, the government seeks a combined personal money judgment of $100,866,667.67 if it succeeds on counts one to fifteen and twenty-one to twenty-two. ECF No. 78 at 24. If the government cannot recover the full amount of the judgment, it seeks forfeiture of substitute property, including 2419 Long Ridge Road and 1 Cooper Court, up to that amount. *Id.* at 25. "[A]n order authorizing forfeiture of substitute assets . . . does not require a jury determination because it does not at all increase the amount of forfeiture." *United States v. Alamoudi*, 452 F.3d 310, 315 (4th Cir. 2006). Accordingly, Cohen's renewed motion for a jury determination on forfeiture under Fed. R. Crim. P. 32.2 was denied.

_____
Date   6/2/15

_____
William D. Quarles, Jr.
United States District Judge