IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.      CRIMINAL NO.: WDQ-14-0310

JEFFREY BRIAN COHEN,
    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jeffrey Brian Cohen pled guilty to wire fraud,[1] aggravated identity theft,[2] making false statements to an insurance regulator,[3] and obstructing justice.[4] ECF No. 385 at 1 (plea agreement). Pending is Delaware Insurance Commissioner Karen Weldin Stewart's motion to quash the subpoena compelling her appearance at Cohen's sentencing. ECF No. 447. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion to quash will be granted.

---

[1] 18 U.S.C. § 1343 (2012).

[2] 18 U.S.C. § 1028A (2012).

[3] 18 U.S.C. § 1033(a) (2012).

[4] 18 U.S.C. §§ 1512, 1513 (2012).

I.     Background

The facts of this case are stated in the Court's May 7, 2015 Memorandum Opinion.  ECF No. 324; *United States v. Cohen*, Crim. No. WDQ-14-0310, 2015 WL 2261661 (D. Md. May 7, 2015). Briefly, this case arises from Cohen's 2008 to 2013 operation of a group of related insurance companies.[5]  ECF No. 324 at 2. Until August 2013, Cohen was the President, Chairman of the Board, and majority owner of the companies.  *Id.*  In 2012, the Delaware Insurance Commissioner ("Commissioner") began investigating Indemnity's financial stability.  *Id.* at 2.  In May 2013, the Commissioner obtained a seizure order from the Delaware Court of Chancery authorizing the regulatory takeover of Indemnity.  *Id.* at 3.  In July 2013, after examining Indemnity under the seizure order, the Commissioner filed a petition to liquidate Indemnity "in light of (i) acts of fraud by Cohen and (ii) Indemnity's unsound financial condition."  *Id.* On August 5, 2013, Cohen resigned as Indemnity's Chairman of the Board.  *Id.*

On November 25, 2014 the grand jury returned a second superseding indictment that charged Cohen with fifteen counts of wire fraud under 18 U.S.C. § 1343, five counts of aggravated

---

[5] Those companies include Indemnity Insurance Corporation, Risk Retention Group of DC ("IICDCRRG"), Indemnity Insurance Corporation, Risk Retention Group ("IICRRG")(together, "Indemnity"), RB Entertainment ("RB"), LMNH, Inc. ("LMNH"), The Agency LLC, and IDG Companies ("IDG").  ECF No. 324 at 2 n.9.

identity theft under 18 U.S.C. § 1028A, two counts of money laundering under 18 U.S.C. § 1957, five counts of making false statements to an insurance regulator under 18 U.S.C. § 1033(a), and four counts of obstructing justice under 18 U.S.C. §§ 1512, 1513.  ECF No. 73.  On December 2, 2014, a third superseding indictment charged Cohen with the same counts and made minor corrections to the second superseding indictment.  ECF Nos. 78, 80.

On June 1, 2015, Cohen's trial began.  ECF No. 381.  On June 5, 2015, Cohen pled guilty to one count each of wire fraud, aggravated identity theft, false statements to an insurance regulator, and obstructing justice.  ECF Nos. 385, 389. Sentencing is scheduled to begin on August 4, 2015.  ECF No. 425.  On July 22, 2015, Cohen moved for a subpoena requiring Stewart to testify at his sentencing.  ECF No. 427 (sealed).  On July 23, 2015, the Court granted Cohen's motion.  ECF No. 429 (sealed).  On July 29, 2015, Stewart moved to quash the subpoena.  ECF No. 447.  On July 31, 2015, Cohen opposed the motion.  ECF No. 470.

II. Analysis

    A.    Legal Standard

Fed. R. Crim. P. 17 governs the issuance of subpoenas in federal criminal proceedings.  "Upon a defendant's *ex parte* application, the court must order that a subpoena be issued for

a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b); *see also United States v. Sylla*, 117 F. App'x 250, 252 (4th Cir. 2004)("[A]n indigent party seeking a Rule 17(b) subpoena must allege facts that, if true, demonstrate the necessity of the requested witness' testimony.")(internal quotation marks omitted). Under Rule 17(c), a district court may quash the subpoena if compliance would be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2). A subpoena is unreasonable or oppressive when it is "irrelevant, abusive or harassing, overly vague, or excessively broad." *In re Grand Jury Subpoena*, 646 F.3d 159, 164 (4th Cir. 2011) (internal quotation marks and citation omitted); *see also Sylla*, 117 F. App'x at 252 (subpoena may be quashed if "movant's averments are [shown to be] untrue") (*citing United States v. Webster*, 750 F.2d 307, 329-30 (5th Cir. 1984)).

    B.    Stewart's Motion

Under Fed. R. Crim. P. 32(i)(2), the Court may permit the parties to introduce evidence about their objections to the presentence report ("PSR"). The U.S. Sentencing Guidelines provide that if "any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." *United States v. Musgrove*, 545 F.

App'x 199, 201-02 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 2739, 189 L. Ed. 2d 775 (2014) (*quoting* U.S.S.G. § 6A1.3(a)).[6] Although "'the [C]ourt must ensure that the parties have an adequate opportunity to present relevant information [on a disputed issue],' there is no affirmative requirement that the court allow live testimony." *Id.* (*quoting* U.S.S.G. § 6A1.3 cmt.). The Court has discretion whether to permit the introduction of live testimony. *Id.* (*citing United States v. Gines*, 964 F.2d 972, 977 (10th Cir. 1992)) (defendant does not have a "right to introduce live testimony," but must have an "adequate opportunity to present relevant information").

Cohen's subpoena request averred, *inter alia*, that Stewart (1) has "the most knowledge regarding the regulatory impact of Cohen's representations to the [Delaware] Department of Insurance," (2) "will provide extensive and detailed testimony regarding loss and harm to policyholders" and "is the only person who can support the number of victims due to Cohen's actions," (3) "was witness to all of the actions of Cohen" and, thus, "is the best witness to provide firsthand knowledgeable

---

[6] In accordance with these requirements, on July 28, 2015, the Court informed the parties that when each witness is called, the sponsoring party must "identify the 18 U.S.C. § 3553(a) factor(s) and/or sentencing guidelines the witness's testimony relates to and the Presentence Report paragraph and finding the testimony supports or refutes." ECF No. 445.

testimony" about his conduct, and (4) will testify about Indemnity's ability to pay claims. ECF No. 427 at 1.

Stewart argues that the motion should be quashed because she has no personal information probative of any issue to be addressed at sentencing, and forcing her to appear would be "abusive and harassing." ECF No. 447 at 1, 9. She avers that, by law, all delinquency and receivership proceedings are initiated in her name and she is appointed as the receiver." ECF No. 447-1 ¶ 4. However, she does not "personally participate" in the "delinquency proceedings or the operation of companies in receivership." ECF No. 447 at 4. In accordance with standard practice, Stewart appointed a deputy receiver who, along with other estate representatives, supervised Indemnity's daily operations. ECF No. 447-1 ¶¶ 6-8. Stewart received updates about the insolvency estate and related Delaware judicial determinations. *Id.* ¶ 8. Although Stewart has received letters and emails from Cohen, she has never met Cohen or spoken with him on the telephone. *Id.* ¶ 9. Crucially, she has "no personal knowledge of [Cohen's] actions in managing [Indemnity]" before delinquency proceedings began. *Id.* Stewart also notes that Cohen has filed several lawsuits against her, and expressed concern that she had been among the list of targets Cohen allegedly planned to harm. ECF No. 447 at 7; *see also* ECF No. 431 at 81 (government's sentencing memorandum).

6

In response, Cohen argues that Stewart is familiar with his management of Indemnity and, "as the sole elected official with responsibility to protect policyholders, . . . is the only person who can support the number of victims due to Cohen's actions." ECF No. 470 at 1-2.[7]

Cohen's sentencing memorandum supports Stewart's contentions. The first 48 pages describe Cohen's history and characteristics, his companies and the Delaware civil proceedings (including contempt proceedings), and an "alleged improper denial of coverage." ECF No. 430 at 1-48. Cohen clearly blames others, including Stewart, for Indemnity's liquidation. However, Cohen's discussion of the 18 U.S.C. § 3553(a) factors and the sentencing guidelines fails to mention Stewart (by name or as "Commissioner"). See id. at 49-59.[8] In connection with the wire fraud count to which Cohen pled guilty,

---

[7] In support, Cohen relies on (1) an August 24, 2012 email from Indemnity's attorney to Stewart describing several complaints Indemnity had with the Delaware Department of Insurance ("DEDOI") about DEDOI's treatment of Indemnity and misrepresentations DEDOI allegedly made to induce Indemnity to relocate to Delaware, (2) an August 27, 2012 email from Stewart responding to Indemnity's attorney, (3) and August 30, 2012 email from Cohen to Stewart complaining about the timing of the DEDOI's examination of Indemnity, and (4) an unsigned confidential order of supervision, purportedly prepared by Stewart. ECF No. 470 at 5-26. However, none of these documents appears relevant to sentencing considerations.

[8] Cohen's objections to the PSR also fail to indicate the relevance of Stewart's testimony. See Fed. R. Crim. P. 32(i)(2); ECF No 452 (sealed).

he blames the DEDOI for failing to pay claims to policyholders, *see id.* at 52; however, there is no indication that Stewart--as the head of DEDOI--has personal knowledge of claim-related decisions after Indemnity's seizure or, more importantly, while Cohen had been CEO. Additionally, Cohen has not explained why Stewart--as opposed to the deputy receiver assigned to Indemnity or others involved in Indemnity's daily operations--is the "only" person who can substantiate the number of victims of his fraudulent scheme, leading the Court to credit Stewart's contention that Cohen's subpoena is intended to harass her.

Without sufficient indication that Stewart's testimony will be relevant and necessary, the Court will grant Stewart's motion to quash. *See In re Grand Jury Subpoena*, 646 F.3d at 164; *Sylla*, 117 F. App'x at 252. Cohen, is, of course, free to present other evidence supporting his view that no harm befell policyholders because of his fraudulent conduct. *See Musgrove*, 545 F. App'x at 201-02.

III. Conclusion

For the reasons stated above, the motion to quash will be granted.

_____8/3/15_____                    _____/s/_____
Date                                  William D. Quarles, Jr.
                                      United States District Judge